# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS FAULKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:17-cv-01197-STA-egb |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER REQUIRING THE COMMISSIONER TO RESPOND
## TO PLAINTIFF'S NOTICE OF NEW LAW AND
## TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED
## FOR ANOTHER HEARING

Plaintiff Douglas Faulkner filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability benefits under Title II of the Social Security Act ("Act"). The matter has been fully briefed. However, on July 31, 2018, Plaintiff filed a "notice of new law." (ECF No. 18.) The notice contends that the Administrative Law Judge ("ALJ") in this matter was not appointed pursuant to the Appointments Clause of the United States Constitution and that the decision must be vacated and the case remanded for a new hearing before a different post-appointment ALJ in light of *Lucia v. SEC*, 138 S. Ct. 2044 (2018).

The Commissioner is hereby **ORDERED** to respond to Plaintiff's notice within thirty (30) days of this order. The Commissioner should address Plaintiff's argument under *Lucia* and should discuss whether the Sixth Circuit's holding in *Jones Bros., Inc. v. Sec'y of Labor*, No. 17-3483, 2018 WL 3629059 (6th Cir. July 31, 2018), concerning ALJs from the Federal Mine

Safety and Health Review Commission is applicable to this case; that is, whether the blanket ratification of all ALJs by the Commissioner satisfies the Appointments Clause.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date: August 2, 2018