# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS FAULKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:17-cv-01197-STA-egb |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING ORDER TO SHOW CAUSE
## WHY THIS MATTER SHOULD NOT BE REMANDED

Plaintiff Douglas Faulkner filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability benefits under the Social Security Act ("Act"). On July 31, 2018, Plaintiff filed a "notice of new law." (ECF No. 18.) The notice contends that the Administrative Law Judge ("ALJ") in this matter was not appointed pursuant to the Appointments Clause of the United States Constitution and that the decision denying benefits must be vacated and the case remanded for a new hearing before a different ALJ in light of *Lucia v. SEC*, 138 S. Ct. 2044 (2018).

The Court ordered the Commissioner to respond to Plaintiff's notice, addressing *Lucia* and the Sixth Circuit's holding in *Jones Bros., Inc. v. Sec'y of Labor*, 2018 WL 3629059 (6th Cir. July 31, 2018). (ECF No. 19.) The Commissioner has filed her response and argues that Plaintiff has forfeited his Appointments Clause argument because he did not raise that argument at the administrative level. (ECF No. 24.) The Court finds the Commissioner's response to be persuasive for the reasons set forth below. Accordingly, the Order to Show Cause is hereby

**DISMISSED**. The Court will address the merits of Plaintiff's appeal of the denial of his application for disability benefits in a separate order.

On June 21, 2018, the United States Supreme Court issued its decision in *Lucia v. SEC*, holding that ALJs for the Securities and Exchange Commission are "Officers of the United States," and, therefore, are subject to the Constitution's Appointments Clause, Article II, §2, Clause 2. 138 S. Ct. at 2055. "Such officers" must be appointed by "the President alone…the Courts of Law, or…Heads of Departments." *Id.* The Court found that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Id.* at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). The *Lucia* Court determined that the plaintiff had "made just such a timely challenge: He contested the validity of [presiding ALJ's] appointment before the Commission and continued pressing that claim in the Court of Appeals and this Court." *Id.*

Although *Lucia* concerned ALJs for the Securities and Exchange Commission, in the present case, Plaintiff contends that the same reasoning applies to ALJs who decide Social Security disability claims. However, it is undisputed that at no point in the administrative process did Plaintiff ever present the argument that the Agency's ALJ who presided over his case was not constitutionally appointed under the Appointments Clause. Instead, Plaintiff did not raise the issue until he filed his notice of new law in this Court on July 31, 2018. The question now before the Court is whether Plaintiff's request for remand based on an Appointments Clause claim should be denied because the issue was never raised during the administrative process or if Plaintiff's failure to exhaust his administrative remedies should be forfeited.

Pre *Lucia*, Courts that considered Appointments Clause challenges found that a plaintiff's failure to assert a challenge to the ALJ's appointment during the administrative proceedings

2

forfeited his Appointments Clause claim. *See*, *e.g.*, *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to raise a statutory "defect in the . . . appointment" of the official who issued the agency's initial decision); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (finding that a plaintiff is required to exhaust his constitutional claim to administrative agency before seeking review in federal court); *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013) (holding that the plaintiff could not seek review of an Appointments Clause challenge to NLRB members "because it did not raise the issue before the Board"); *Intercollegiate Broad. Sys. v. Copyright Royalty Bd.*, 574 F.3d 748, 755-56 (D.C. Cir. 2009) (per curiam) (declining to address an Appointments Clause challenge to the Copyright Royalty Board members because it was "untimely" and there was no reason "to depart from [the Court's] normal forfeiture rule"); *In re DBC*, 545 F.3d 1373, 1378-81 (Fed. Cir. 2008) (refusing to entertain an untimely Appointments Clause challenge to the appointment of a Patent Office administrative judge).

Courts have reasoned that a constitutional challenge under the Appointments Clause is nonjurisdictional, and, thus, a party may forfeit his Appointments Clause claim by failing to raise it at the administrative level. *See RELCO Locomotives,* 734 F.3d at 795 ("We see no reason to depart from [*Freytag v. Comm'r*, 501 U.S. 868 (1991]'s general rule that appointments clause challenges are nonjurisdictional.");[1] *GGNSC Springfield LLC v. N.L.R.B.*, 721 F.3d 403, 406 (6th Cir. 2013) ("Errors regarding the appointments of officers under Article II are 'nonjurisdictional.'").

---

[1] Although the Supreme Court in *Freytag* exercised its discretion to review an Appointments Clause challenge that had not been raised before the Tax Court, it stressed that this was a "rare case" requiring such review. 501 U.S. at 879.

3

Post *Lucia*, Courts that have considered Appointments Clause challenges under the Social Security Act have found those challenges forfeited if not raised at the administrative level. *See, e.g., Page v. Comm'r of Soc. Sec'y,* 2018 WL 5668850 (E.D. Mich. Oct. 31, 2018) (denying the plaintiff's motion to amend her complaint to raise a post *Lucia* Appointments Clause claim on the ground that she did not raise it at the administrative level, and, thus, the claim was forfeited); *Davidson v. Comm'r of Soc. Sec'y*, 2018 WL 4680327 at *2 (M.D. Tenn. Sept. 28, 2018) ("Because Plaintiff did not raise her as applied constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge."); *accord Salmeron v. Berryhill*, 2018 WL 4998107 at *3 n. 5 (C.D. Cal. Oct. 15, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings."); *Garrison v. Berryhill*, 2018 WL 4924554 (W.D. N.C. Oct. 10, 2018) (same); *Stearns v. Berryhill*, 2018 WL 4380984 (N.D. Iowa Sept. 14, 2018) (same); *Karen S. v. Comm'r of Soc. Sec.*, 2018 WL 4053327 (E.D. Wash. Aug. 24, 2018) (same).

The Commissioner was also instructed to brief the Court on the issue of whether the post *Lucia* holding in *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018) (finding the Appointments Clause challenge forfeited but excusing forfeiture based on the facts of that case), allows the Court to find that an Appointments Clause challenge in this case may still be considered even though it was not raised at the administrative level. As noted by the Commissioner, in *Jones Brothers* the Sixth Circuit acknowledged that as-applied Appointments Clause challenges are nonjurisdictional and are forfeited if not raised timely.[2] *Id.* at 676-77.

---

[2] In a facial Appointments Clause challenge, the plaintiff argues that the statute providing for appointment of officers is unconstitutional. An as-applied challenge asserts that the statute

4

However, the Court determined that, although the plaintiff had failed to "press" an Appointments Clause argument before the agency, the plaintiff had identified the issue and the existence of a split of authorities to the Mine Commission at the administrative level. *Id.* at 673, 678. Given the possible "confusion" created by the administrative review scheme of the Mine Act, the Sixth Circuit held that the plaintiff's approach – identifying the Appointments Clause issue but not pressing the argument – was "a reasonable statement from a petitioner who wishes to alert the Commission of a constitutional issue but is unsure (quite understandably) just what the Commission can do about it." *Id.* at 678. That is, the plaintiff's reasonable uncertainty, together with its acknowledgment of the constitutional issue at the administrative level, provided grounds for excusing the forfeiture. *Id.* at 678. Thus, the Sixth Circuit vacated the Commission's decision and remanded the case to the administrative level "[b]ecause the administrative law judge was an inferior officer of the United States and because she was not appointed by the President, a court of law, or the head of a department, as the Constitution demands." *Id.* at 672.

In this case, Plaintiff did nothing to identify his Appointments Clause challenge at any point in the administrative proceedings and has not shown good cause for his failure to do so. *See Page,* 2018 WL 5668850 at *3 ("The facts of this case do not warrant making an exception to the general rule that the failure to bring as-applied claims at the administrative level results in waiver.") As explained in *Page*, "[a]lthough the administrative process in *Jones Brothers* predates the current case, the *Jones Brothers* plaintiff noted a 'circuit split' on the issue of the appointment of ALJs while its case was still at the administrative level. In contrast, current Plaintiff failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was

---

providing for appointment is consistent with the Appointments Clause but has not been applied in a manner consistent with the Constitution. *Jones Brothers*, 898 F.3d at 676-77.

considered by the Appeals Council." *Id.* As in *Page*, "[b]ecause Plaintiff failed to make an argument or even note a split of authority pertaining to the appointment of the ALJ at any point in the administrative procedure, the *Jones Brothers* holding cannot be extended to the facts of the present case."[3] *Id.* (quoting *Davidson*, 2018 WL 4680327 at *1 ("Courts 'generally expect parties...to raise their as-applied or constitutional-avoidance challenges' at the administrative level and 'hold them responsible for failing to do so.'" (citing *Jones Brothers*)). *Davidson* emphasized that a Social Security plaintiff must either raise his Appointments Clause claim at the administrative level or show good cause for failing to do so in order not to forfeit that claim before the district court. 2018 WL 4680327 at *2.

Plaintiff's failure to raise his Appointments Clause challenge at any point in the administrative process or show good cause why he did not do so forfeits his claim. Therefore, the order for the Commissioner to show cause why this matter should not be remanded for a new hearing in front of a different ALJ is **DISMISSED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 19, 2018.

---

[3] *Page* also noted that, as of the date of that decision, "courts that have considered the issue have unanimously rejected attacks on the validity of the ALJ's appointment under *Lucia* brought under 42 U.S.C. 405(g) where the claimant failed to make a constitutional challenge at the administrative level." 2018 WL 5668850 at *3.